IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARITZA AMADOR, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF GILBERT FLORES AND AS NEXT FRIEND OF MINOR R.M.F., VANESSA FLORES, MARISELA FLORES, CARMEN FLORES AND ROGELIO FLORES,<br>　　　　Plaintiffs<br><br>v.<br><br>BEXAR COUNTY, BEXAR COUNTY SHERIFF'S OFFICE, GREG VASQUEZ, Individually and in his Official Capacity and ROBERT SANCHEZ, Individually and in his Official Capacity,<br>　　　　Defendants. | §§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 5:15-cv-00810<br><br><br>JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME Plaintiffs, Maritza Amador, *Individually and as Representative of the Estate of Gilbert Flores and as Next Friend of Minor R.M.F.*, Vanessa Flores, Marisela Flores, Carmen Flores and Rogelio Flores, and present this their *Plaintiffs' Original Complaint*, bringing this action against Bexar County, Texas, the Bexar County Sheriff's Office, Greg Vasquez, *Individually and in his Official Capacity*, and Robert Sanchez, *Individually and in his Official Capacity*, complaining that said Defendants, jointly and severally, have denied Plaintiffs their rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas, and in support thereof would respectfully show the following:

1

# I.
# JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). Venue is proper in the Western District of Texas, San Antonio Division, as this is the district where the claim arose in accordance with 29 U.S.C. § 1391(b). Plaintiffs bring this action as the surviving family and as the only persons entitled to recover damages arising from decedent's wrongful death pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.000 et seq. and as applied through 42 U.S.C. § 1983.

# II.
# PARTIES

2. Before being shot and killed on August 28, 2015, Gilbert Flores was a citizen of the United States and resided in San Antonio, Bexar County, Texas.

3. Plaintiff Maritza Amador was the wife of Gilbert Flores and the mother of Gilbert Flores' minor child, R.M.F. Both are residents of San Antonio, Bexar County, Texas.

4. Plaintiff Vanessa Flores is the child of Gilbert Flores and a resident of San Antonio, Bexar County, Texas.

5. Plaintiff Marisela Flores is the child of Gilbert Flores and a resident of San Antonio, Bexar County, Texas.

6. Plaintiff Carmen Flores is the mother of Gilbert Flores and a resident of San Antonio, Bexar County, Texas.

7. Plaintiff Rogelio Flores is the father of Gilbert Flores and a resident of San Antonio, Bexar County, Texas.

8. Defendant Bexar County, Texas, (hereinafter "Bexar County"), is a political

subdivision of the State of Texas and can be served with summons upon Bexar County Judge Nelson Wolff, 101 W. Nueva, 10th Floor, San Antonio, Texas 78204.

9. Defendant, the Bexar County Sheriff's Office, can be served with summons upon the Bexar County Sheriff Susan L. Pamerleau, 200 N. Comal Street, San Antonio, Texas 78207.

10. Defendant Greg Vasquez, (hereinafter "Defendant Vasquez") was at all times material to this suit, an officer employed by the Bexar County Sheriff's Office. Each of the acts complained of herein arise from the conduct of Defendant while acting under color of state law and was committed within the scope of his employment and authority with the Bexar County Sheriff's Office. Defendant may be served with summons at his place of employment, the BEXAR COUNTY SHERIFF'S OFFICE, 200 North Comal Street, San Antonio, Texas 78207.

11. Defendant Robert Sanchez, (hereinafter "Defendant Sanchez") was at all times material to this suit, an officer employed by the Bexar County Sheriff's Office. Each of the acts complained of herein arise from the conduct of Defendant while acting under color of state law and was committed within the scope of his employment and authority with the Bexar County Sheriff's Office. Defendant may be served with summons at his place of employment, the BEXAR COUNTY SHERIFF'S OFFICE, 200 North Comal San Antonio, Texas 78207.

12. All of the Plaintiffs are statutory beneficiaries for the wrongful death of Gilbert Flores.

## III.
## STATEMENT OF FACTS

13. On August 28, 2015, the decedent, Gilbert Flores, was at the residence located at 24414 Walnut Pass in San Antonio, Bexar County, Texas. There was a domestic disturbance at the residence and a call to 911 for assistance was made.

14. Defendants Vasquez and Sanchez were dispatched to the residence located at 24414 Walnut Pass where they encountered the decedent.

15. Gilbert Flores engaged the deputies in the front yard of the residence. Thereafter, Mr. Flores, still in the front yard, stopped all resistance and proceeded to place both of his hands above his head, surrendering to the will of the deputies. Mr. Flores' actions in surrendering with his hands raised, with or without a knife, reflected that there was no immediate danger of bodily injury to the officers or others. This act of surrender and contrition showed that any such threat had passed. Within a second of Mr. Flores raising his hands in surrender, Defendants Vasquez and Sanchez fired shots at Mr. Flores, executing him on the front lawn of his parents' home.

16. Mr. Flores immediately fell to the ground. The officers provided no immediate first aid to Mr. Flores and instead allowed him to lay on the lawn, dying, without assistance. He was ultimately taken to University Hospital where he was pronounced dead from gunshot wounds.

17. In committing said acts and/or omissions, each Defendant was in the course and scope of their employment with the Bexar County Sheriff's Office and each Defendant was acting under color of state law.

18. The Defendant officers' acts amount to an excessive and/or unnecessary use of force. Said excessive/unnecessary use of force was objectively unreasonable, as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a vicious and unwarranted attack on Mr. Flores within a second of Mr. Flores surrendering and raising his hands.

19. The actions of the Defendants Vasquez and Sanchez have been reviewed by a competent law enforcement expert who opined that their actions were unnecessary,

4

unreasonable and there was no probable cause to use deadly force. Specifically, Dr. Philip Hayden, a former supervisory Special Agent for the FBI for over fifteen years who trained agents as a tactical instructor and who has written FBI instruction manuals for the FBI, including the FBI deadly force policy, has determined after his review of the video showing the shooting of Mr. Flores and other available information that:

> When Mr. Flores raised his hands, he was not an immediate threat to the officers. Both officers were standing a safe distance from Mr. Flores and had limited cover. In reviewing this video Mr. Flores did not appear to make any threatening movement towards the officers prior to them shooting. If Mr. Flores had a knife in his left hand this would not change my opinion. It is my opinion, which I hold to a reasonable degree of professional certainty, that in order for Mr. Flores to be an immediate threat he would have had to make some sort of an assertive movement that would cause the officers to believe they were going to be attacked and their lives were in danger. This did not appear to happen. **Therefore the shooting was unnecessary and unreasonable and there was no probable cause to use deadly force…**

(Emphasis added). See Exhibits A and B to the Complaint.

20. The Bexar County Sheriff's Department policy and procedure manual gives vague and conflicting instructions to officers on when and under what circumstances force can be used. These conflicting policies ultimately allow officers to determine if deadly force is required based upon their individual judgment without specific guidelines. For example, section 9.02B states,

> In each instance of the use of force, the officer should exhaust every reasonable means of employing the minimum amount of force to effect the objective before escalating to the next, more forceful method. **However, an officer is not required to engage in prolong combat or struggle rather than resorting to that method which will most quickly and safely bring the situation under control.**
> (emphasis added)

This policy allow for an officer to skip the increasingly forceful methods to subdue a suspect and determine in his own judgment the quickest method to bring a situation under

5

control, even if that method would be deadly force against a suspect.

In addition, the policy manual outlines a continuum of force up to and including deadly force and then states that this continuum is not absolute and can be ignored at the officer's discretion. Section 9.01F states

> Where possible, an officer **will use verbal persuasion first, followed thereafter in ascending order, by:**
>
> 1. Physical strength and skill, ranging from restraint and come along holds to hand or foot strikes;
>
> 2. Approved ASP baton used in the prescribed manner, chemical agents, Electronic Control Device (ECD)/ Electronic Control Weapon (ECW);and
>
> 3. Approved firearm. **Deputies must bear in mind that the order of this continuum of force is not absolute, and the situation may require immediate use of a higher level of force.**

(Emphasis added).

These policies, among others, led to the shooting of Mr. Flores at a time when he had surrendered and there was no immediate threat to the lives of the officers in violation of his constitutional rights.

## IV.
## CLAIMS FOR RELIEF

### COUNT I
### 42 U.S.C.S. § 1983

21. The allegations contained in Paragraphs 13 through 20 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

22. The Civil Rights Act of 1871, now codified as 42 U.S.C.S. § 1983 as federal law, provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any

6

citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. § 1983.

23. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself. When committing said acts and/or omissions, Defendants Vasquez and Sanchez were acting under color of state law within their employment with the Bexar County Sheriff's Office.

24. Defendants, acting under color of state law, violated decedent Gilbert Flores' Fourth Amendment rights. The rights, privileges, and immunities secured by the Fourth Amendment of the Constitution, and incorporated and applied to the states through the Fourteenth Amendment, include the right to be free from an unreasonable seizure. These rights were violated when Defendants Vasquez and Sanchez intentionally shot and killed Gilbert Flores.

25. The deadly force used by Defendants Vasquez and Sanchez against the decedent was unjustified and objectively unreasonable under any circumstances. This force was clearly excessive to the need, and this excessiveness was objectively unreasonable in light of the facts and circumstances at the time of the shooting.

26. Defendants' actions constitute excessive force in violation of the Fourth Amendment of the United States Constitution as decedent, Gilbert Flores, posed no immediate threat of serious danger to Defendant Sanchez, Defendant Vasquez or any other person at the time the Defendants shot and killed the decedent.

27. The Defendants' use of excessive force in violation of Mr. Flores' Fourth Amendment rights directly and proximately caused decedent Gilbert Flores' death and the Plaintiffs'

7

damages.

## COUNT II
### Official Policies and Customs of Bexar County and the Bexar County Sheriff's Office

28. The allegations contained in Paragraphs 13 through 20 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

29. Defendants Bexar County and the Bexar County Sheriff's Office are liable under 42 U.S.C.S. § 1983 due to one or more official policies or customs of Defendant Bexar County and Defendant Bexar County Sherriff's Office that deprived Gilbert Flores of his constitutional rights.

30. It is well-established that municipalities are liable under 42 U.S.C.S. § 1983 for constitutional torts that are the result of compliance with the municipality's customs, practices, policies or procedures. A municipality is liable for constitutional deprivations which arise pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels.

31. Defendants Bexar County and the Bexar County Sheriff's Office are liable under 42 U.S.C.S. § 1983 due to the following:

   1) the inadequacy of their policies, training and supervision relating to the use of deadly force;

   2) the inadequacy of their policies, training and supervision relating to the use of non-lethal control devices and tactics;

   3) the adoption of a completely subjective continuum of force policy that can be expressly avoided and which leaves the use of deadly force exclusively to the unchecked discretion of officers on the scene;

   4) the adoption of a policy that allows an officer to use the degree of force that he feels brings the situation quickly under control even if that method is deadly force; and

    5)    the adoption of a policy that in the absence of a complaint being filed raising specific allegations against deputies, there is no further investigation conducted following the use of force other than the filing of reports by the officers involved and those that witnessed the event.

32. The official policies and/or customs of Bexar County and the Bexar County Sheriff's Office complained of herein were a direct cause in fact and proximate cause of the decedent's deprivation of constitutional rights, as well as his death and other injuries and damages which were sustained.

33. All of these policies and procedures were made by those with final policy making authority or were condoned as the custom and practices of the department by those in authority.

34. These policies and customs reflect a deliberate indifference to the risk that members of the public will be subjected to constitutional violations, including the use of excessive force, in violation of their Fourth Amendment rights. These policies and/or customs create a significant risk that members of the public will suffer severe personal injuries and/or death, at the hands of those that are employed to protect them.

## V.
## DAMAGES

35. The allegations contained in Paragraphs 13 through 20 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

36. Plaintiffs are the only heirs at law to the Estate of Gilbert Flores and therefore bring this suit for damages suffered and sustained by the decedent, Gilbert Flores, pursuant to Sections 71.002 et seq. and 71.021 et seq. of the Texas Civil Practice and Remedies Code.

37. Plaintiffs seek damages for the following:

    1)    conscious pain, suffering and mental anguish that decedent suffered prior to his death;

2) reasonable and necessary medical expenses incurred as a result of Gilbert Flores' injuries leading to his wrongful death;

3) reasonable and necessary funeral and burial expenses incurred as a result of Gilbert Flores' wrongful death;

4) the past and future loss of support arising from the death of Gilbert Flores;

5) loss of consortium;

6) loss of inheritance;

7) severe mental anguish that each Plaintiff has suffered and will, in reasonable probability, continue to suffer in the future; and

8) the past and future loss of companionship and society arising from the death of Gilbert Flores.

38. In addition, Plaintiffs pray for punitive damages against all individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Plaintiffs allege and pray for punitive damages against all individual Defendants, as such Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

39. Plaintiffs seek recovery for these damages within the jurisdictional limits of this Court.

## VI.
## ATTORNEYS FEES

40. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover his or her attorney's fees. Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

## VII.
## DEMAND FOR JURY TRIAL

41. Plaintiffs hereby make their demand for a jury trial and acknowledges herein the payment on this date of the required jury fee.

## VIII.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

42. Pleading further, the Plaintiffs hereby present their application for temporary restraining order and injunction.

43. Plaintiffs' application for a temporary restraining order is authorized by FEDERAL RULE OF CIVIL PROCEDURE 65. Specifically, Plaintiffs seek a temporary restraining order for the purpose of preserving the subject matter of a potential lawsuit, including but not limited to, any audio and video recordings depicting the tragic shooting of Gilbert Flores on August 28, 2015 and the events leading up to said incident, until such time as the lawsuit is resolved by a judgment.

44. The preservation of said evidence in its original condition, specifically the audio and video recordings of the shooting, requested herein is made for the purpose of determining the exact events that led to the tragic shooting of Gilbert Flores. The video footage of one video of this shooting has been aired by the media and shows Gilbert Flores with his hands in the air posing no imminent threat to Defendants Vasquez and Sanchez. However, additional videos, known to exist, have been gathered by the Bexar County Sheriff's Office and have not been released to the public.

Instead, representations have been made that this video has been forwarded to a crime lab for the Texas Department of Public Safety for enhancement. There has been no indication that the video in its raw form will be preserved. Therefore, it is imperative that this Court order that this evidence remains in its original form without alteration so that this evidence is preserved.

45. Plaintiffs request that all Defendants be enjoined from altering, enhancing, modifying, repairing, damaging, destroying, selling, abandoning, or otherwise disposing of:

  i. any and all partial or full audio and video recordings depicting the shooting death of Gilbert Flores by Bexar County Sheriff Deputies Greg Vasquez and Robert Sanchez on August 28, 2015 and all events leading up to the incident, including but not limited to, dash cam videos, microphone audio, recordings of stored and collected audio;

  ii. any and all evidence gathered and collected during the investigation of the shooting death of Gilbert Flores by Bexar County Sheriff Deputies Greg Vasquez and Robert Sanchez on August 28, 2015, including but not limited to: drafts of statements, final statements, notes pertaining to the investigation, partial statements, full statements, investigative notes, photographs;

  iii. all other evidence related to the tragic shooting death of Gilbert Flores by Bexar County Sheriff Deputies Greg Vasquez and Robert Sanchez on August 28, 2015, regardless of whether said evidence will be presented to a grand jury.

46. It is probable that Plaintiffs will succeed on the merits of their lawsuit. Defendants Vasquez and Sanchez tragically shot Gilbert Flores while Gilbert Flores had his hands in the air and posed no imminent threat to Defendants Vasquez, Sanchez or others in the moments before he was shot and killed. There are known additional videos of the shooting in the custody of Bexar County that likely reveal additional evidence supporting Plaintiffs' potential claims and therefore, would result in the resolution of said litigation in Plaintiffs' favor.

47. If Plaintiffs' application is not granted, they will suffer imminent harm in that the only physical and documentary evidence of their potential claims currently in existence is subject to alteration, modification, or destruction by Defendants. Thus, Defendant has the present ability to eliminate material evidence of Plaintiffs' potential claims, thereby constituting a threat of imminent

harm for which injunctive relief is appropriate.

48.     The harm suffered by Plaintiffs if a temporary restraining order is not issued will be irreparable because the basis of Plaintiffs' potential claims depends in large part on the content of the audio and video recordings of the tragic shooting of Gilbert Flores, and other evidence which may have been acquired. These recordings are unique as they detail and depict the events leading up to and the actual moment of the shooting of Gilbert Flores. These recordings cannot be obtained elsewhere as they cannot be reproduced or copied from any other source. Therefore, without intervention by this Court, Plaintiffs may forever lose the only evidence capable of substantiating their potential claims, which in turn would prevent them from ever recovering for the wrongful death of Gilbert Flores, which has caused them to suffer and continue to suffer as a result of this incident.

49.     A temporary restraining order is in the best interest of the public as the public has an absolute right to know all of the events surrounding the shooting of Gilbert Flores and the actions which were taken by Bexar County Sheriff Deputies Greg Vasquez and Robert Sanchez. The Bexar County Sheriff's Office is here to protect and serve the community and citizens of Bexar County and the public has a right to observe the actions which were taken by the Deputies through the video footage taken of the shooting, in its raw form.

50.     The balance of equities unequivocally weighs in the Plaintiffs favor when viewing the harm that may befall upon both the Plaintiffs and Defendants if said temporary restraining order is entered. There is no harm that would fall upon the Defendants in the matter if the video footage is preserved in its raw, unadulterated form. The Defendants should keep and store all evidence collected during any investigation in its original form so that all parties have the opportunity to view and study said evidence. This should be the standard procedure and practice of any law enforcement

agency. In contrast, the Plaintiffs would be immensely harmed by the alteration, enhancing, modifying, repairing, damaging, destroying, selling, abandoning, or otherwise disposing of the video footage of the shooting of Gilbert Flores. The basis of Plaintiffs' potential claims depends in large part on content of the audio and video recordings of the tragic shooting of Gilbert Flores. These recordings are unique as they detail and depict the events leading up to and the actual moment of the shooting of Gilbert Flores. These recordings cannot be obtained elsewhere as they cannot be reproduced or copied from any other source. On balance, the harm to the Defendants of complying with this injunction is clearly outweighed by the irreparable injury to Plaintiffs and the general public if the injunction is not granted.

51. Under FEDERAL RULE OF CIVIL PROCEDURE 65, Petitioner is not required to show the absence of an adequate remedy at law because this application is seeking to prevent irreparable injury to personal property.

52. A bond is not necessary in this instance as a district court issuing a preliminary injunction or a restraining order has the discretion to dispense with the security requirement of Rule 65(c) if a party lacks the financial resources to post a bond or when granting injunctive relief carries no risk of monetary loss to the party enjoined or restrained. In the instant case, there is no risk of monetary loss to the party enjoined or restrained. However, if the Court determines that a bond is required in this case, Plaintiffs will post bond in an amount to be determined by the Court.

53. The Plaintiffs have given notice to the Defendants of this application and due to the urgent and overwhelming need to preserve evidence of Plaintiffs' claims request that the Court hold an expedited hearing for the issuance of the Temporary Restraining Order. As explained above, this need arises from the immediate and irreparable loss that will result if Defendants are not enjoined prior to notice and hearing.

54.     Plaintiffs request that upon hearing of the application for temporary restraining order, the Court set a hearing for a temporary injunction. As grounds for Plaintiffs' application for a temporary injunction, Plaintiffs incorporate by reference as if recited verbatim herein all of the foregoing facts and arguments.

## X.
## PRAYER

WHEREFORE, premises considered, the Plaintiffs hereby request and pray that the Defendants be cited to appear and answer herein and that upon final hearing the Plaintiffs have and recover from the Defendants their actual damages, exemplary damages, attorney's fees, prejudgment and post judgment interest as allowed by law, court costs and other and further relief to which the Plaintiffs may show themselves to be justly entitled.

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600
Fax: (361) 985-0601

By: _____
Thomas J. Henry
SBN: 09784210
Robert P. Wilson
SBN: 21718575

Tjh-svc@thomasjhenrylaw.com
Rwilson-svc@thomasjhenrylaw.com

ATTORNEYS FOR PLAINTIFFS

*service by email to these addresses only